CHRISTOPHER DYER *versus* MOODY F. WALKER.

Items of credit, which were merely partial *payments* of plaintiff's account, where the defendant kept no account and had no charges against the plaintiff, do not constitute the accounts "mutual" within the meaning of the saving clause of the statute of limitations.

REPORTED from *Nisi Prius* by DAVIS, J.

This was an action of ASSUMPSIT upon a note and an account annexed to the writ.

The defendant pleaded the general issue, and the statute of limitations.

An auditor was appointed by the Court, whose report contained all the evidence offered.

Upon this evidence the defendant claimed that all the items of charge in the plaintiff's account, which accrued more than six years before the commencement of this action, amounting to $420, were barred by the statute of limitations.

The auditor reported "that the plaintiff proved delivery to the defendant of the articles specified in his account, at the several dates named, to the amount of $567,93. This amount embraces all items charged in plaintiff's account, to the defendant, except the following, viz. :—

"1857, May 19, Discount on note,          $2,00,
   "     Sept. 10,      "    "    "          2,00,
            "Average interest,       186,24."

"In relation to the first two charges, the plaintiff testified that they were sums actually paid for discount of two notes of the defendant, given in payment on those days, but there was no evidence of any agreement that the defendant should be charged with money paid for their discount. These charges are therefore not proven. The charge of average interest, $186,24, was testified by plaintiff to be the usual charge by tailors of interest after six months from delivery of goods, and that defendant had previously been charged and had paid, without objection, similar charges of

interest after six months from the delivery of goods, and well understood the custom ; and that this account, as it accrued, had been from time to time, and at various times presented to defendant, and payment demanded. I have allowed the amount charged therefor, $186,24. The sums credited by plaintiff to defendant, on account, viz. : —

| | |
|---|---|
| Pew rent from 1851 to 1854, | $30,00, |
| May 19, 1856, Note, | 100,00, |
| Sept. 10, 1857, " | 100,00,. |

appear to be right in amount, though the last item should bear date Sept. 15, 1856, and not Sept. 10, 1857. I have allowed all these items.

"If the credits named above were not such payments as would make said accounts "mutual and open accounts current," then that amount was barred by the statute of limitations. The account and transactions between the parties appearing to me to be such as to make this an open account current, I have allowed said items as charged."

The following is reported as the true account between the parties : —

"Moody F. Walker, To Christopher Dyer, Dr.

| | |
|---|---|
| " To clothes delivered and work done for said Walker, from March 1, 1850, to June 13, 1858, as per account annexed to writ, | $567,93 |
| " To average interest to date of writ, | 186,24 |
| | 754,17 |

"Contra, Cr.

| | | |
|---|---|---|
| " By pew rent from 1851 to 1854, | $30,00 | |
| " 1856, May 19, — By Note, | 100,00 | |
| " 1856, Sept. 15, " " | 100,00 | 230,00 |

"Balance due plaintiff, June 9, 1862, $524,17"

The note sued is *barred* by the statute of limitations and is not allowed.

The presiding Judge ruled that the account was not barred, and ordered judgment for the amount reported by the auditor.

*Fox, jr.*, for the plaintiff.

*S. C. Strout*, for the defendant.

The opinion of the Court was drawn up by

WALTON, J. — This is an action of assumpsit upon a note and account. The defendant pleaded the general issue and the statute of limitations. The case was sent to an auditor, who reported that, on the day of the purchase of the plaintiff's writ, the defendant was indebted to him, for balance of account, five hundred and twenty dollars and seventeen cents.

The defendant claimed that all the items of plaintiff's account, which had accrued more than six years prior to the date of the writ, (June 9, 1862,) were barred by the statute of limitations. This would embrace charges to the amount of four hundred and twenty dollars and forty-one cents, leaving the balance due the plaintiff of only one hundred and three dollars and seventy-six cents.

The plaintiff relies upon the saving clause in the statute of limitations, which provides that "in all actions of debt or assumpsit, to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to accrue at the date of the last item proved in such account. (R. S., c. 81, § 99.)

The defendant denies that the plaintiff's action is "to recover the balance due upon a mutual and open account current." He says that the account between them was not *mutual* within the meaning of the saving clause above quoted; that the account is all on one side; that he had no account against the plaintiff, and never made any charges against him; that the sums credited on the plaintiff's book were mere payments, — *partial* payments, — leaving a balance against him; that such partial payments do not create the element of mutuality, which will convert an account on one side only into a *mutual* account; that, to create the element of mutuality, each must have such charges against the other, as would support an action; that a payment goes to

extinguish so much of the other's claim, but gives no cause of action to the party making the payment.

The auditor was of the opinion that the payments did make the accounts *mutual*, and reported accordingly. The presiding Judge at *Nisi Prius*, being of the same opinion, "ruled that the account was not barred, and ordered judgment for the plaintiff for the amount of the auditor's report." The defendant was thereupon defaulted, and the case, by consent, was reported to the full Court, who are to render judgment for the plaintiff if the ruling of the presiding Judge was correct; otherwise the case is to stand for trial.

This Court seems to have held, in *Theobald* v. *Stinson*, 38 Maine, 139, that, to create the element of mutuality in accounts, it is necessary that each party should keep a book, and have charges upon it against the other. In that case, the Court say :— " There is no evidence that the defendant's intestate kept any books, or made any charges whatever. * * *If the defendant's intestate, then, kept no account, the question of mutuality becomes immaterial.*" And this is in accordance with the views of the Supreme Court of New York, in *Edmonstone* v. *Thomson*, 15 Wend., 555. In that case, SAVAGE, C. J., speaking for the Court, says :— " Accounts are *mutual* where each party makes charges against the other in his books, for property sold, services rendered, or money advanced," &c.

In this case, it does not appear, and is not claimed, that the defendant kept any account, or had any written charges against the plaintiff. The accounts, then, were not *mutual*, within the meaning of the saving clause in the statute of limitations; and the ruling of the presiding Judge was not correct; and the action must stand for trial.

*Default taken off.*

*Action to stand for trial.*

APPLETON, C. J., CUTTING, KENT, BARROWS and DICKERSON, JJ., concurred.